# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **FEDERAL LIFE INSURANCE COMPANY (MUTUAL),** | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CA 05-0657-CB-C |
| **LINDA M. RUFFIN,** | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This action was initially referred to the undersigned as a potential consent action pursuant to the practices and Rules of this Court. After plaintiff filed its motion for default judgment and default judgment was entered, an evidentiary hearing on the motion for default judgment was held on December 19, 2005. At the conclusion of that hearing, it was determined that the case should be reassigned to a United States district judge for final judgment and that the undersigned would enter a report and recommendation as to the information that has been developed in this case pursuant to 28 U.S.C. § 636(b)(1)(B).

## FINDINGS OF FACT

1. Federal Life Insurance Company (Mutual) ("Federal Life") is the plaintiff in this action and has filed a complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 (Doc. 1).

2. Plaintiff is an insurance company incorporated in the State of Illinois and has its principal place of business in Illinois. The deceased insured, Leo Ruffin, during the relevant time periods in this action, was residing in Mobile County, Alabama, and died on July 16, 2005.

3. Defendant, Linda M. Ruffin, is the sole beneficiary of the life insurance policy issued by Federal Life and is the decedent's wife.

4. R. "Wing" Nestle, an insurance broker, arranged a meeting with Mr. and Mrs. Ruffin on July 13, 2004. Prior to that meeting, Mr. Nestle had never met Mr. or Mrs. Ruffin.

5. On July 13, 2004, Mr. Ruffin completed and signed an application for life insurance with Federal Life (Policy Number 0727963, Doc. 1, Exhibit A). The policy had a face value of $132,000.00.

6. One of the questions on the application completed by Mr. Ruffin asked if he had used tobacco products including cigarettes within the prior twelve months, to which his response was "No." Contrary to this response on the application, the evidence shows that Mr. Ruffin was a heavy smoker of cigarettes for nearly forty years, including the twelve-month period prior to completing and signing his application.

7. Prior to Mr. Ruffin's death, Federal Life had no knowledge of his heavy cigarette use or his misrepresentation as to his heavy use of tobacco on the application.

8. The life insurance policy at issue was delivered to Mr. Ruffin with an effective date of July 15, 2004. Mrs. Ruffin filed a claim for death benefits on July 18, 2005. Along with her claim for benefits, Mrs. Ruffin submitted a death certificate to Federal Life.

9. Until a review of the death certificate indicated the cause of death was related to heavy use of tobacco, Federal Life had no reason to investigate and discover that Mr. Ruffin had been a heavy smoker for nearly forty years including the twelve-month period prior to signing the application for insurance.

## CONCLUSIONS OF LAW

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of the parties exists.

2. Venue is proper, according to 28 U.S.C. § 1391, in this District and this Division, because Mrs. Ruffin, the sole defendant, is a resident of Mobile County, Alabama, a County within the Southern Division of the Southern District of Alabama; a substantial portion of the events giving rise to the claim occurred in this District and this Division; and the defendant is subject to personal jurisdiction in this District and Division. The law to be applied in this case is that of the State of Alabama, since Mr. Ruffin was an Alabama resident, the application was filled out and signed in Alabama, the

agents listed in the insurance agreement are in Alabama and the claim for benefits was made in Alabama.

    3.    Ala.Code § 27-14-7(a) (1975), as amended, applies to all contracts of insurance in the State of Alabama.  That Statute reads:

> (a)    All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or on behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract, unless either:
>
>     (1) Fraudulent;
>
>     (2) Material either to the acceptance of the risk or to the hazzard assumed by the insured; or
>
>     (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at a premium rate as applied for, or would not have issued a policy or contact in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required by the application for the policy or contract or otherwise.

(*Id*).

    4.    Relying on Mr. Ruffin's responses to the questions on the

application, Federal Life issued a twenty-year renewable and convertible term life insurance policy with a face value of $132,000.00. The policy was issued under the "Non-Tobacco" risk.

5. Mr. Ruffin's heavy use of cigarettes increased the risk to the insurer.

6. Mr. Ruffin's misrepresentation regarding his tobacco use was a direct and proximate cause of Federal Life issuing him the lower-risk policy at the lower premium rate.

7. Mr. Ruffin's misrepresentation concerned a material fact that Federal Life detrimentally relied upon to issue a policy at a lower premium than it otherwise would have issued, or issued under different conditions (such as a different premium or different death benefits).

8. Under these circumstances, Ala.Code §§ 27-14-7(a)(1), (a)(2) and (a)(3) enabled Federal Life to rescind the insurance policy.

## CONCLUSION

It is therefore recommended that (1) final judgment, after default, be entered in this case on behalf of plaintiff, Federal Life; (2) that Federal Life be given the authority to rescind the policy under the laws of the State of Alabama and, (3) that the insurance premiums paid into the Court by Federal Life be distributed to the estate of Leo Ruffin.

The attached sheet contains important information regarding objections

to this report and recommendation.

    DONE this 20th day of December, 2005.

                                        s/WILLIAM E. CASSADY
                                      UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE